UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ANDRZEJ SKRODZKI,

                     Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
19-CV-2280 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Andrzej Skrodzki, proceeding *pro se*, commenced the above-captioned action

against the Commissioner of Social Security (the "Commissioner"), on April 16, 2019, (Compl.,

Docket Entry No. 1), requesting reimbursement of $6,690, representing costs and expenses

incurred during a prior administrative proceeding seeking to challenge the Commissioner's

finding that Plaintiff was not entitled to waiver of recovery of an overpayment of $3,488 in

disability insurance benefits under Title II of the Social Security Act (the "Act"), (Letter dated

June 3, 2019, Docket Entry No. 7).[1]

Defendant moves to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the

Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a

---

[1]  The Court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).  In addition, in light of Plaintiff's *pro se* status, the Court also considers and assumes the truth of the factual allegations in Plaintiff's opposition to the motion, in addition to Plaintiff's other Court filings.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (finding that district courts may consider factual allegations made by a *pro se* party in his papers opposing a motion to dismiss).

claim respectively.  (Def.'s Mot. to Dismiss ("Def.'s Mot."), Docket Entry No. 11; Def.'s Mem. in Supp. Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 12.)  Plaintiff opposes the motion. (Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Docket Entry No. 14.)  For the reasons discussed below, the Court grants the Defendant's motion to dismiss.

## I.   Background

The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Defendant's motion.

### a.   Plaintiff's prior proceedings before the Court and the Commissioner to waive recovery of overpayment

On May 9, 2000, Plaintiff was injured at work and began receiving workers' compensation.  (*See Skrodzki v. Comm'r of Soc. Sec.* (*Skrodzki II*), No. 11-CV-5173, 2016 WL 4919889, at *1 (E.D.N.Y. Sept. 13, 2016).)  On April 10, 2001, Plaintiff applied for disability insurance benefits and informed the Social Security Administration ("SSA") that he was receiving workers' compensation benefits.  (*Id.*)  After Plaintiff's application was approved, he began receiving disability benefits and also continued to receive workers' compensation payments until January 24, 2003, when the payments were suspended due to a third-party workers' compensation settlement.  (*Id.*)  On May 17, 2008, Plaintiff received a letter from the SSA, informing him that because the SSA had not adjusted Plaintiff's benefits to account for the workers' compensation that he was receiving until 2003, the SSA had overpaid him in the amount of $3,448 between December of 2000 and February of 2002.  (*Id.*)

On March 13, 2009, Plaintiff applied for a waiver of the recovery of overpayment and on March 28, 2009, the SSA informed Plaintiff that his request for a waiver was denied.  (*Id.* at *1– 2.)  Plaintiff then filed a request for a hearing before an Administrative Law Judge ("ALJ"), arguing that he had informed the SSA in 2001 that he was receiving workers' compensation

2

benefits and that he should not have to repay the overpayment since it was not his fault.  (*Id.* at *2.)  Following a hearing held on September 29, 2009, the ALJ denied Plaintiff's application for a waiver of recovery of the overpayment, finding that Plaintiff had failed to timely inform the Commissioner of the workers' compensation settlement and, therefore, was "not without fault" in receiving and accepting the overpayment.  (*Id.*)  Plaintiff appealed the ALJ's decision to the Appeals Counsel and on August 24, 2011, the Appeals Counsel issued a decision reversing the ALJ's finding that Plaintiff was not without fault in accepting and causing the overpayment.  (*Id.* at *3.)  However, the Appeals Counsel nevertheless denied Plaintiff's application for waiver, finding that repayment would not defeat the purpose of Title II of the Act or be against equity and good conscience.  (*Id.*)

On October 21, 2011, Plaintiff appealed the denial of waiver and by Memorandum and Order dated December 18, 2012, (the "December 2012 Decision"), the Court remanded the case for further administrative proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g), based on the new evidence that Plaintiff submitted following oral argument.  (*Id.* at *3 (citing *Skrodzki v. Comm'r of Soc. Sec.* (*Skrodzki I*), No. 11-CV-5173, 2013 WL 55800, at *1 (E.D.N.Y. Jan. 3, 2013).)

Following the hearing before the ALJ on remand, on February 19, 2015, the ALJ issued a decision, denying Plaintiff's application to waive recovery of the overpayment, finding that Plaintiff was not at fault in incurring the overpayment of $3,488, but that recovery of the overpayment would not defeat the purpose of the Act or be against equity and good conscience. (*Id.* at *6.)  On September 14, 2015, Plaintiff moved to reopen his case before the Court, (Plaintiff's Motion to Reopen Case, *Skrodzki v. Comm'r of Soc. Sec.*, No. 11-CV-5173, (E.D.N.Y. Sept. 14, 2015), Docket Entry No. 71), and the Commissioner moved for judgment on

the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, (*see Skrodzki II*, 2016 WL 4919889, at \*1).  On September 13, 2016, the Court denied the Commissioner's motion and remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), finding that the ALJ, in denying Plaintiff's application to waive repayment, failed to conduct a sufficiently searching inquiry into Plaintiff's explanations of his expenses ("September 2016 Decision").  (*Id.* at \*11 (citing C.F.R. § 404.508(a).)  Plaintiff appealed the Court's decision to the Second Circuit, arguing that instead of remanding the case for further administrative proceedings, "the district court should . . . have ordered the Commissioner to repay withheld benefits with interest."  *See Skrodzki v. Comm'r of Soc. Sec. Admin.*, 693 F. App'x 29, 29 (2d Cir. 2017).  On July 5, 2017, the Second Circuit affirmed the Court's September 2016 Decision.  *Id.*

Following a hearing on remand on February 23, 2018, the ALJ granted Plaintiff's application to waive the overpayment.  (Def.'s Mem. 3 (citing Notice of Decision, annexed to Def.'s Mem. as Ex. D, Docket Entry No. 12).)  However, because the decision stated the wrong amount for the overpayment, an amended decision was subsequently issued on April 10, 2018, clarifying that the overpayment for which recovery was being waived was $3,488, ("ALJ's April 2018 Decision").  (*Id.* at 3 (citing Notice of Decision dated Apr. 10, 2018, annexed to Def.'s Mem. as Ex. E, Docket Entry No. 12).)  Pursuant to the amended decision, the SSA refunded Plaintiff $3,488.00.  (*Id.*)

On April 14, 2018, Plaintiff filed a request with the Appeals Council to supplement the ALJ's April 2018 Decision to include the "'remaining expenses [that Plaintiff] incurred' during the process at court."  (Def.'s Mem. 3 (citing Letter to Appeals Council dated Sept. 10, 2018, annexed to Letter dated Feb. 19, 2018, *Skrodzki*, No. 11-CV-5173 (E.D.N.Y. Feb. 19, 2019)

4

Docket Entry No. 89-1).)  On February 19, 2019, after the Appeals Council notified Plaintiff that it would not assume jurisdiction as the SSA is "not responsible for payment of expenses and does not pay interest when a refund is due to an individual," Plaintiff moved the Court to reopen the case, arguing that the Appeals Council had improperly withheld a final decision in his case since April 14, 2018, regarding all costs incurred by Plaintiff as a result of the overpayment.  (Def.'s Mem. 3 (citing Letter dated Feb. 19, 2019, *Skrodzki*, No. 11-CV-5173 (E.D.N.Y. Feb. 19, 2019), Docket Entry No. 89).)  On April 9, 2019, the Court denied Plaintiff's motion to reopen, indicating that if Plaintiff seeks to challenge the ALJ's April 2018 Decision, Plaintiff must file a new civil action.  (*Id.* at 4 (citing Order dated Apr. 9, 2019, *Skrodzki*, No. 11-CV-5173 (E.D.N.Y. Apr. 9, 2019)).)

> **b.    Plaintiff's motion for reimbursement of expenses accrued in connection with the litigation of *Skrodzki I* and *II***

Plaintiff commenced this action on April 16, 2019, "requesting an evaluation of all documentation of court files" from both *Skrodzki I*, *II*, and the instant case and requesting reimbursement of expenses in the amount of $6,690, representing interest accrued on credit card debt, litigation, and clerical costs in connection with *Skrodzki I* and *II*.[2]  (Bill of Costs dated Apr. 4, 2019, annexed to Pl.'s Letter dated June 3, 2019 ("Pl.'s Letter"), at 150, Docket Entry No. 7.)[3] In addition, Plaintiff argues that in remanding his case in *Skrodzki I* and *II*, instead of issuing a

---

[2]  Plaintiff argues that he is entitled to a total reimbursement of $6,690.00, representing $5,238.22 in credit card interest, $320.00 for the cost to prepare appeals, $29.70 to obtain a copy of the oral argument transcript dated October 15, 2012, $72.36 for the transcript of the status conference dated August 16, 2013, $289.00 to prepare courtesy copies, $470.25 to prepare courtesy copies of petition for *certiorari*, $128.00 for copies of petition for *certiorari* served to the Second Circuit Court of Appeals, $163.00 for copies and postage relating to Plaintiff's appeal, and $19.00 for copies of "current documentation."  (*See* Bill of Costs.)  The Court notes that the itemized expenses total $6,729.53.

[3]  Because the Plaintiff's Letter and the exhibits attached are not consecutively paginated, the Court refers to the page numbers assigned by the electronic filing system.

decision ordering the SSA to refund Plaintiff's repayment, the Court exhibited a lack of professional skills and an intent to improperly manipulate his case.  (Pl.'s Letter 4.)

## II.   Discussion

### a.   Standards of Review

#### i.   Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it."  *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010).  Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'"  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020)

(quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

### ii. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021); *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (same). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly,* 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (same).

### b. The Court lacks jurisdiction over the ALJ's April 2018 Decision and the letter from Appeals Council

Defendant argues that the Court lacks jurisdiction to review the ALJ's April 2018 Decision because "the Appeals Council's response to Plaintiff's request for reimbursement of litigation expenses is not a 'final decision . . . made after a hearing' subject to judicial review." (Def.'s Mem. 6–7.)

Plaintiff argues that the Court has jurisdiction because the ALJ's April 2018 Decision was unfavorable to the extent it "omits [his] demands for reimbursement of all expenses which

7

arose during almost [eight] years when the case was handled at [three] different [c]ourts." (Pl.'s Opp'n 3.)

"Congress, acting within its constitutional powers, may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958); *see also Bortungno v. Comm'r of Soc. Sec.*, No. 17-CV-2344, 2018 WL 3650131, at \*4 (S.D.N.Y. Aug. 1, 2018) ("Congress prescribes the procedures, conditions, and courts in which a claimant may seek judicial review of an administrative order." (quoting *Bennerman v. Comm'r of Soc. Sec.*, No. 11-CV-6384, 2013 WL 6796351, at \*2 (E.D.N.Y. Dec. 23, 2013))). "Sections 405(g) and (h) of the Social Security Act give district courts jurisdiction to review only 'final decision[s]' made by the Commissioner of Social Security." *Bortungno*, 2018 WL 3650131, at \*4 (citing 42 U.S.C. §§ 405(g)–(h)); *see also Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35, 35 (2d Cir. 2021) ("Judicial review of [the SSA's] denial of benefits is governed by 42 U.S.C. § 405, which allows federal courts to review 'any final decision of the Commissioner . . . after a hearing.'" (quoting 42 U.S.C. § 405(g))).

The Second Circuit has "long held that . . . judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x 74, 75 (2d Cir. 2009) (quoting *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978)); *see also Louis v. Comm'r*, 349 F. App'x 576, 577 (2d Cir. 2009) (affirming district court ruling that it lacked subject matter jurisdiction to review a fully favorable decision).

> **i.  Because the ALJ's April 2018 Decision was fully favorable to Plaintiff, the Court lacks jurisdiction to review his claim for interest**

Defendant argues that the Court lacks jurisdiction to review Plaintiff's request for interest

associated with his credit card debt because (1) Plaintiff is not entitled to the relief he seeks as

interest may not be recovered against the United States absent an express waiver and "[t]he Act

does not authorize the payment of interest on an underpayment or repayment of recouped funds,"

(Def.'s Mem. 8–9 (citing 42 U.S.C. § 404(a)(1)(B), (b))); and therefore (2) the ALJ's April 2018

Decision does not fall within the scope of judicial review under 42 U.S.C. § 405(g) because the

statute "assumes as a condition for review that the Commissioner's decision is adverse to the

claimant, and the Act 'makes no provision for judicial review of a determination favorable to the

complainant,'" (*id.* at 7 (citing cases)).

Plaintiff does not address Defendant's argument that he is not entitled to interest

payments as a matter of law but argues that the Court has jurisdiction to review the ALJ's April

2018 Decision because the decision was not fully favorable as it "omits [his] demands for

reimbursement of all expenses which arose during almost [eight] years when the case was

handled at [three] different [c]ourts."  (Pl.'s Opp'n 3.)

The United States is generally immune from suit.  *See United States v. Bormes*, 568 U.S.

6, 9–10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be

sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30,

33–34 (1992))); *see also Cangemi v. U.S.*, *Binder & Binder*, 13 F.4th 115, 130 (2d Cir. 2021)

("Absent an unequivocally expressed statutory waiver, the United States . . . [is] immune from

suit based on the principle of sovereign immunity." (quoting *County of Suffolk v. Sebelius*, 605

F.3d 135, 140 (2d Cir. 2010) (alteration in original)); *P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir.

2016) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit.'  Moreover, 'waivers of sovereign immunity must be "unequivocally expressed" in

statutory text, and cannot simply be implied.'" (first quoting *F.D.I.C. v. Meyer*, 510 U.S. 471,

475 (1994); and then quoting *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004))).

      "[T]he United States has not waived its sovereign immunity for claims by a Social

Security claimant seeking monetary relief in addition to benefits awards." *Donnelly v. Barnhart*,

80 F. App'x 701, 702 (2d Cir. 2003) (first citing *United States v. Sherwood*, 312 U.S. 584, 586

(1941); and then citing *Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir. 1988)); *see also Pryor v.

Comm'r of Soc. Sec.*, No. 14-CV-5596, 2016 WL 1171589, at *6 (E.D.N.Y. Mar. 22, 2016),

*aff'd*, 690 F. App'x 42 (2d Cir. 2017).

      "In the absence of express congressional consent to the award of interest separate from a

general waiver of immunity to suit, the United States is immune from an interest award." *See

Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 193 (2d Cir. 2006) (quoting *Libr. of Cong. v. Shaw*,

478 U.S. 310, 314 (1986), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166,

105 Stat. 1074, *as recognized in Landgraf v. USI Film Prods.*, 511 U.S. 244, 265, (1994)));

*Andrulonis v. United States*, 26 F.3d 1224, 1231 (2d Cir. 1994) ("Interest cannot be recovered

against the United States, as sovereign, in the absence of an express waiver of immunity.").  In

addition, "[t]he no-interest rule has been applied to prevent parties from holding the United

States liable on claims grounded on the belated receipt of funds, even when characterized as

compensation for delay." *Shaw*, 478 U.S. at 322; *see also United States v. Duran*, No. 10-CR-

174, 2013 WL 5434613, at *3 (S.D.N.Y. Sept. 30, 2013) (finding "[t]o the extent [plaintiffs]

argue that the [g]overnment's delay in returning the funds to [plaintiffs] requires that interest be

awarded, the no-interest rule still applies" (citing *Shaw*, 478 U.S. at 322)).

      Plaintiff's request for interest on credit card debt resulting from the delayed waiver of

repayment, is (1) barred by sovereign immunity, and (2) not reviewable by the Court.  Because

Plaintiff's request for credit card interest is barred under the doctrine of sovereign immunity, the ALJ's 2018 Decision awarded Plaintiff monetary relief to the extent permitted by law. *See Liberman v. Barnhart*, No. 05–5591, 2006 WL 1049065 at *1 (2d Cir. 2006) ("To the extent [the plaintiff] requests interest on his 'out-of-pocket' expenses, he has not pointed to any express waiver of the United [States'] sovereign immunity that would enable him to recover such interest."); *Cummiskey v. Comm'r Soc. Sec.*, No. 11-CV-956, 2012 WL 1431486, at *5 (D. Md. Apr. 24, 2012) (finding that the plaintiff's "demand that the SSA pay late fees and interest on the amount he is owed . . . finds no support in law" as the Act "does not provide for such relief and [the plaintiff] has cited no legal authority in support of his claims"). Therefore, the ALJ's April 2018 Decision was fully favorable to Plaintiff and the Court lacks jurisdiction to review his claim. *See Stora v. Comm'r of Soc. Sec.*, No. 16-CV-6503, 2018 WL 4637351, at *1 (E.D.N.Y. Sept. 27, 2018) (finding that the Commissioner's decision was fully-favorable to the plaintiff and therefore non-reviewable because benefits were awarded to the fullest extent as permitted by law).

### ii. Plaintiff fails to state a claim for recovery of litigation costs and expenses

Defendant argues that Plaintiff is not entitled to litigation costs and expenses because (1) Plaintiff did not serve an itemized and verified bill of costs as required under Rule 39(d)(1) of the Federal Rules of Appellate Procedure or an application for taxable costs with the Court after the final dispositions in *Skrodzki I* and *II* pursuant to Rules 54 of the Federal Rules of Civil Procedure and 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, (Def.'s Mem. 9–10); (2) even if Plaintiff had filed applications to recover costs, he would not have been entitled to recover due to his *in forma pauperis* status, (*id.* (citing 28 U.S.C. § 1915(f)(1)), and because the Second Circuit affirmed the Court's judgment,

(*id.* (citing Fed. R. App. Pro. 39(a)(2))); and (3) Plaintiff may have been eligible for reimbursement of certain clerical expenses under the Equal Access to Justice Act ("EAJA"), but he has failed to file any application pursuant to the EAJA and the deadline has since passed, (*id.* (citing 28 U.S.C. § 2412(d))).

Plaintiff does not address Defendant's arguments but argues that closing *Skrodzki I and II* without resolving Plaintiff's request "for full reimbursement of money," including litigation costs incurred "during almost eight years of handling the case at American courts," constitutes professional misconduct by the Court.  (Pl.'s Opp'n 2.)

"[T]he EAJA generally waives the United [States'] immunity from costs and a successful claimant may recover costs against the government in a social security action . . . '[e]xcept as otherwise specifically provided by statute,'" and "the *in forma pauperis statute*, 28 U.S.C. § 1915(f)(1), bars an award of costs against the government where a litigant proceeds under that statute."  *Maida v. Callahan*, 148 F.3d 190, 192–93 (2d Cir. 1998) (quoting 28 U.S.C. § 2412(a)).[4]  In addition, "[a] motion [to recover litigation costs and expenses] under the EAJA must be filed within thirty days of the entry of final judgment."  *Goff v. Astrue*, No. 09-CV-1392, 2013 WL 12110399, at *2 (N.D.N.Y. Feb. 15, 2013) (citing 28 U.S.C. § 2412 (d)(1)(B)); *see also Gomez-Beleno v. Holder*, 644 F.3d 139, 144 n.3 (2d Cir. 2011) (stating that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the

---

[4]  Some courts in the Second Circuit have distinguished between "costs" as listed in 28 U.S.C. § 1920 and "expenses," and have required the Government to pay for expenses under the EAJA.  *See Guzman v. Comm'r of Soc. Sec.*, No. 05-CV-6086, 2007 WL 5085617, at *6 (S.D.N.Y. Nov. 16, 2017) (collecting cases), *report and recommendation adopted*, 2008 WL 1318920 (S.D.N.Y. Apr. 9, 2008).  However, because the EAJA statute of limitations period has expired, the Court declines to consider whether Plaintiff is entitled to recover expenses under the EAJA.

action, submit to the court an application for fees and other expenses" (quoting 28 U.S.C. § 2412 (d)(1)(B))).

Plaintiff cannot state a claim to recover costs or expenses arising out of *Skrodzki I* and *II* or the subsequent appeal because (1) due to his *in forma pauperis* status, Plaintiff is barred from recovering costs under the EAJA, and (2) Plaintiff has not filed an application to recover expenses and the time for doing so passed on October 14, 2016, thirty days after the final judgment was rendered in *Skrodzki II* on September 14, 2016. (*See* Order dated Dec. 9, 2011 granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, *Skrodzki I*, No. 11-CV-5173 (E.D.N.Y. Dec. 9, 2011), Docket Entry No. 3; Notice of Appeal, *Skrodzki II*, No. 11-CV-5173 (E.D.N.Y. Nov. 14, 2016), Docket Entry No. 85 (indicating Plaintiff's *in forma pauperis* status); Order dated Sept. 13, 2016, *Skrodzki II*, No. 11-CV-5173 (E.D.N.Y. Sept. 13, 2016), Docket Entry No. 79; Clerk's J. dated Sept. 14, 2016, *Skrodzki II*, No. 11-CV-5173 (E.D.N.Y. Sept. 14, 2016), Docket Entry No. 80.)

Moreover, because Plaintiff appealed the Court's decision to the Second Circuit and the Second Circuit affirmed the Court's judgment, he is not entitled to recover costs incurred in his unsuccessful appeal. Fed. R. App. P. 39(a)(2) (providing that "if a judgment is affirmed, costs are taxed against the appellant"); *see also Frierson v. Reinisch*, No. 17-CV-44, 2021 WL 4405911, at *6 (N.D.N.Y. Sept. 27, 2021) (finding that pursuant to Rule 39, "[s]ince [the] [d]efendants were the appellants before the Second Circuit and the judgment was affirmed, they are not entitled to recover the costs they incurred in taking their unsuccessful appeal").

Accordingly, the Court grants Defendant's motion and dismisses Plaintiff's motion for litigation expenses and costs arising from *Skrodzki I* and *II*.

13

### III.  Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss.  The Clerk of

Court is directed to close this case.

Dated:  October 26, 2021
Brooklyn, New York

SO ORDERED:


s/ MKB
MARGO K. BRODIE
United States District Judge

14